IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-75,077




EX PARTE VIRGIL JAMES JORDAN, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 1160667 IN THE 208TH DISTRICT COURT
FROM HARRIS COUNTY



           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivery of a
controlled substance and sentenced to eleven years’ imprisonment. The Fourteenth Court of Appeals
affirmed his conviction. Jordan v. State, No. 14-08-01146-CR (Tex. App.–Houston 2009). 
            Applicant contends, inter alia, that his trial counsel rendered ineffective assistance by
transferring his case to a different court to prevent his hearing on self-representation. He also alleges
that he was prevented from taking a five-year plea deal and intimidated into not pursuing his motion
for self-representation.
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain a response from Applicant’s trial counsel regarding Applicant’s claims of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d).
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to whether Applicant was intimidated into
dropping his motion to represent himself. The trial court shall make findings as to whether
Applicant was ever offered a five-year plea deal and if so, whether he was prevented from accepting
such a deal. The trial court shall also make findings as to whether the performance of Applicant’s
trial attorney was deficient and, if so, whether counsel’s deficient performance prejudiced Applicant. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: January 12, 2011
Do not publish